STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss.                          CIVIL ACTION
                                        DOCKET NO. CV-07-173
                                        /· /(,/· - P£/·- - /·2 /.)·

JAY MCLAUGHLIN, and
ELLEN MCLAUGHLIN

        Plaintiffs,
                                                **DECISION AND ORDER**
        v.

PATRICK E. HUNT,                        FILED & ENTERED
                                        SUPERIOR COURT
        Defendant.                         MAY 1 8 2009
                                        PENOBSCOT COUNTY

This matter is before the Court on a motion for summary judgment filed by the

defendant, Patrick E. Hunt, Esq., filed on August 14, 2008. Oral argument was held on

March 24, 2009.

## BACKGROUND

The plaintiffs, Jay and Ellen McLaughin, purchased a Denharco delimber from

Frank Martins Equipment in December 1997. The delimber subsequently broke and the

McLaughlins communicated with Frank Martins, who in turn communicated with

Denharco regarding the problems with the machine. The McLaughlins attempted to

repair the delimber so as to make it usable and have produced evidence that they did so

with the knowledge and consent of Denharco. The repairs did not permanently remedy

the problems with the machine and the McLaughlins continued to request that Denharco

repair it.

When Denharco failed to repair the broken delimber, the McLaughlins retained

the defendant. The defendant filed a complaint in U.S. District Court seeking relief for

*inter alia* breach of contract and breach of warranty. Denharco filed a motion for

1

summary judgment in that action and the U.S. District Court granted summary judgment in favor of Denharco as to the McLaughlins' breach of contract claim. The court held that the contract was governed by the UCC and that the McLaughlins' "remedy [was] under the warranty provisions of the UCC." *McLaughlin v. Denharco, Inc.*, 129 F. Supp. 2d 32, 37 (D. Me. 2001).[1]

The case went to trial in July 2001 on the McLaughlins' claims for breach of warranty. The jury found that Denharco had breached the implied warranty of merchantability and awarded the McLaughlins $18,187.50. On June 28, 2007, the McLaughlins filed the complaint in the present action, alleging malpractice by the defendant for his failure to include a rescission count in the complaint against Denharco.

## DISCUSSION

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A genuine issue of material fact exists when there is sufficient evidence to require the fact-finder to choose between competing versions of a fact that could affect the outcome of the case. *Id.*; *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747.

The defendant contends in the present motion that the plaintiffs could not have succeeded with a claim for rescission in their lawsuit against Denharco and that, therefore, they cannot succeed as a matter of law in this legal malpractice suit. The Court agrees and the defendant's motion for summary judgment is granted.

---

[1] The U.S. District Court's opinion is part of the summary judgment record now before the Court. (Def.'s S.M.F. ¶ 12-13, Ex. J.)

The sole breach alleged by the plaintiffs was the defendant's failure to include a rescission count in the complaint against Denharco. It is clear from the parties statements of material facts and the evidence cited therein, including the written decision of the U.S. District Court, that rescission was not available to the McLaughlins.

The U.S. District Court stated, and the parties now agree, that the UCC governed the purchase of the delimber. The plaintiffs in this case accepted the tendered goods (*i.e.*, the delimber); therefore, the remedies available to them were those listed in section 2-714 of the UCC. 11 M.R.S. § 2-714 (2008). The District Court confirmed this in its decision when it stated that "McLaughlin's remedy is under the warranty provisions of the UCC." *McLaughlin*, 129 F. Supp. 2d at 37.

## CONCLUSION

There being no genuine issues of material fact remaining, the defendant's motion for summary judgment is granted.

The entry is:

    1.    The defendant's motion for summary judgment, filed August 14, 2008, is **GRANTED**. Judgment for the defendant.

    2.    This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: May 1 4 , 2009

_____
M. Michaela Murphy
Justice, Superior Court

JAY MCLAUGHLIN  - PLAINTIFF
P O BOX 637
MEDWAY ME 04460
Attorney for: JAY MCLAUGHLIN
JED DAVIS  - RETAINED 07/10/2007
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330

ELLEN MCLAUGHLIN  - PLAINTIFF
P O BOX 637
MEDWAY ME 04460
Attorney for: ELLEN MCLAUGHLIN
JED DAVIS  - RETAINED 07/10/2007
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330


vs
PATRICK E HUNT  - DEFENDANT
7 SHERMAN STREET,
ISLAND FALLS ME 04747
Attorney for: PATRICK E HUNT
JAMES M BOWIE  - RETAINED 09/05/2007
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2007-00173

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 07/10/2007

## Docket Events:
07/11/2007 FILING DOCUMENT - COMPLAINT FILED ON 07/10/2007

07/11/2007 Party(s):  JAY MCLAUGHLIN
           ATTORNEY - RETAINED ENTERED ON 07/10/2007